**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4054**

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

WAVERLY JERMAINE JORDAN, a/k/a Waverley
Jermaine Jordan,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Glen E. Conrad, District
Judge.  (5:04-cr-00025-gec)

_____

Submitted:  March 28, 2007          Decided:  April 27, 2007

_____

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Matthew M. Robinson, ROBINSON & BRANDT, P.S.C., Cincinnati, Ohio,
for Appellant.  John L. Brownlee, United States Attorney, Ray B.
Fitzgerald, Jr., Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Waverly Jermaine Jordan pled guilty to conspiracy to distribute fifty grams or more of crack cocaine (Count 1), in violation of 21 U.S.C. § 846 (2000), and using, carrying, or possessing a firearm during and in relation to or in furtherance of a drug trafficking crime (Count 2), in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2006). The district court sentenced Jordan to 222 months of imprisonment on Count 1 and a consecutive sixty-month sentence on Count 2. Jordan appeals the sentence imposed on Count 1, contending that he did not receive a full and fair sentencing hearing and that the district court's drug quantity and role-in-the-offense determinations were not supported by a preponderance of the evidence. The Government asserts that Jordan validly waived the right to appeal his sentence in the plea agreement. We agree with the Government, grant the motion to dismiss, and dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine the "totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted).

Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). However, an appeal waiver does not preclude challenges to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, appeals from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. Johnson, 410 F.3d at 151 (citations omitted). The issue of whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

Jordan challenges the validity of the waiver on the grounds that he was not informed that he could be sentenced on uncharged conduct, that he could be sentenced based upon information he believed was inaccurate, or that he agreed to be sentenced in accordance with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). However, our review of the plea agreement and the hearing conducted pursuant to Fed. R. Crim. P. 11 leads us to conclude that Jordan knowingly and voluntarily waived his right to appeal. See Johnson, 410 F.3d at 151; General,

278 F.3d at 400. Jordan next asserts that, even if this court concludes that the waiver was knowing and voluntary, the court should not enforce the waiver because he did not receive a full and fair sentencing hearing. We reject that assertion as belied by the record and conclude that the claims Jordan raises on appeal fall within the scope of the valid and enforceable waiver provision.

Accordingly, we grant the Government's motion to dismiss and dismiss the appeal based upon the waiver provision in the plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED